ESTATE OF HERBERT A. SCHOENFELD, DECEASED, L. KENNETH SCHOENFELD, HERBERT A. SCHOENFELD AND RALPH A. SCHOENFELD, ADMINISTRATORS, DE BONIS NON, CUM TESTAMENTO ANNEXO, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83654. Promulgated January 7, 1938.

*Van C. Griffin, Esq.,* for the petitioners.
*James C. Maddox, Esq.,* for the respondent.

38

OPINION.

ARUNDELL: The single issue submitted for decision was tried largely upon the question of the use of a formula to determine the amount allowable for the claim of the contract beneficiaries against the estate. The respondent in his determination of a deficiency has conceded the allowability of a claim and has worked out the amount allowable by a formula based on interest, mortality, and present worth tables.

Before reaching the matter of a formula, there is to be determined the question of whether decedent's estate is liable for one-fourth or one-half of the total liability under the stock purchase contract. The petitioners claim one-half, the amount thereof being the amount for which a claim was filed by the contract beneficiaries and approved by the probate court. The Commissioner has allowed one-fourth of the contract liability, determining the amount allowable by a formula discussed more fully below.

The statute applicable here is section 805 of the Revenue Act of 1932, amending section 303 (a) (1) of the Revenue Act of 1926. This statute allows deductions, among others, for claims against the estate (subsection (B)), and for mortgages and indebtedness in respect to property which is included in gross estate without deduction for the mortgage or indebtedness (subsection (D)). These provisions are qualified by subsection (E) in several respects. One of the qualifications is that limiting the amounts deductible to such as are allowable by the laws of the jurisdiction under which the estate is being administered. Another is that the amounts allowable shall "be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth."

Under these provisions of the statute the claim here made for allowance of what is said to be one-half of the contract liability fails in several respects. First, it appears that the administrators included

in decedent's gross estate only the value of one-fourth of the 25.15 shares of Schoenfeld Holding Corporation stock. As stated in the petition, the decedent had a community half of 12.575 shares, which interest was valued at $91,168.75. Against this community half of 12.575 shares, which is one-fourth of the total shares, the petitioners claim a deduction of one-half of the liability under the purchase contract. This may not be done under that part of the statute (subsection (D)) which requires an equality of treatment of the value of property returned and the amount of indebtedness against it. In other words, under subsection (D) the petitioners must need to have returned one-half of the value of the full 25.15 shares in order to support a claim for deduction of one-half of the indebtedness for the purchase price. Further, inasmuch as the decedent was entitled under the contract to only a one-fourth interest, he can not be said to have "contracted bona-fide and for an adequate and full consideration in money or money's worth" for any greater sum than one-fourth of the liability.

If, as argued by the petitioners, one-half of the contract obligation was a community obligation, then upon the death of the wife her estate became liable for one-half thereof (one-fourth of the whole obligation) and thus the decedent's estate would have a liability for only one-fourth of the whole. We have held, following the Washington statute and cases, that upon dissolution of the community by death the estate of the first decedent is entitled to deduct only one-half of the community debts. *Estate of Julius C. Lang*, 34 B. T. A. 337. The case of *Schramm* v. *Steele*, 97 Wash. 309; 166 Pac. 634, cited by petitioners is not in point. That case holds that community property is not subject to execution under a judgment against the husband for a tort committed by him alone.

The liability of the purchasers of the stock was, under the contract, a joint and several liability. However, if the decedent's estate were required to pay any more than the decedent's proportionate share there would arise a right of contribution against the other purchasers. The same situation was present in *John Parrott, Jr., et al., Executors*, 7 B. T. A. 134; affd. (C. C. A., 9th Cir.), 30 Fed. (2d) 792. In that case two persons were jointly and severally liable on a mortgage and it was held that upon the death of one only one-half of the indebtedness could be deducted from the gross estate. The court's opinion reads in part:

\* \* \* if either were required to pay more than one-half, the excess so paid was recoverable from the other. \* \* \* Clearly, for taxation purposes under the Revenue Act, but one-half of the total mortgage debt was deductible in arriving at the amount of the tax upon the estate of the testatrix.

Following that case it must be held here that the decedent's estate may not deduct more than one-fourth of the contract liability.

The approval by the probate court of the claim presented by one of the contract beneficiaries on behalf of all of the beneficiaries does not establish the deductibility of the amount thereof under the Federal estate tax law. In *Julius C. Lang, supra*, loc. cit. p. 345, we rejected a similar contention and determined the amount deductible under "the law of the jurisdiction * * * under which the estate is being administered" as the Federal statute requires. In *United States* v. *Mitchell* (C. C. A., 7th Cir.), 74 Fed. (2d) 571, the court held that the fact of allowance of a claim by the probate court and the payment thereof by the executors "has no bearing on the deductibility of the claim" under the Federal statute. In *Mary M. Buck et al., Executors*, 25 B. T. A. 780, we determined the amount reasonably required for the support of decedent's widow and held that amount allowable, notwithstanding the probate court's approval of a larger amount and the payment of the larger sum. The Circuit Court of Appeals for the Ninth Circuit, affirming our holding on this point, 73 Fed. (2d) 760, 764, said: "The fact that the probate court made an allowance of a larger sum was not binding on the Board of Tax Appeals." Following the above cases, we hold that the fact that the probate court has allowed the claim of the contract beneficiaries in an amount purporting to be one-half of the total contract liability is not determinative of the amount allowable in this proceeding.

We have held above that the proportion of the contract liability representing an allowable deduction from this estate is one-fourth of the total liability. The Commissioner determined the same proportion to be allowable. In calculating the amount allowable the Commissioner determined the size of the fund necessary to pay the contract liability on a 4 percent basis and applied to it a reversion factor based on the life expectancy of the four beneficiaries at their then ages of 48, 58, 59, and 70 years. Petitioners attack the use of the 4 percent rate and also the factor based on the life expectancy of the four beneficiaries. On these matters, however, the petitioners have failed to establish that any other figures are more nearly correct. Where deductions must be estimated according to the expected life of individuals, resort to mortality tables is proper. *Ithaca Trust Co.* v. *United States*, 279 U. S. 151. This is what the Commissioner has done and if he erred in selecting a figure of life expectancy the burden is on the petitioners to show it. *Fidelity-Philadelphia Trust Co. et al., Executors*, 27 B. T. A. 972. The same applies to use of the interest rate.

The Commissioner is sustained.

*Decision will be entered for the respondent.*