ESTATE OF CHARLES H. WIGGIN, BY JOSEPH WIGGIN, ADMINISTRATOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 112470.    Promulgated March 13, 1944.

*John W. Townsend, Esq.*, for the petitioner.
*William R. Murrin, Esq.*, for the respondent.

466

[black redacted bars]

OPINION.

OPPER, *Judge*: The disposition of this case appears to be dictated by *Merchants National Bank of Boston* v. *Commissioner*, 320 U. S. 256, and particularly by certain of the language there employed. It is first apparent that in dealing with a claim for deduction from gross estate, determination of the value of a charitable bequest "or, put another way, * * * the extent to which the widow would divert the corpus from the charities" must be measured as of the date of decedent's death. "The limit of permissible contingencies has been blocked out * * * in Treasury Regulations which provide that * * * the charitable bequest, to be deductible, must have, at the testator's death. a value 'presently ascertainable * * *.'" Secondly, the regulations provide "further, to the extent that there is a power in a private donee or trustee to divert the property from the charity, 'deduction will be limited to that portion, if any, of the property or fund which is exempt from an exercise of such power.'"

As to these requirements the Court comments, "These regulations are appropriate implementations of § 303 (a) (3). and, having been in effect under successive reenactments of that provision, define the framework of the inquiry in cases of this sort."

Applying those tests to the present situation it is evident. first, that the death of the life beneficiary within a year after that of decedent is a circumstance which could not have been foreseen as of the valuation date, and hence is not an element which may be taken into account in attempting to value the charitable remainder. *Ithaca Trust Co.* v. *United States*, 279 U. S. 151. Second, the power in the private trustee to divert the property from the charity requires that only that portion exempt from the exercise of the power may be considered deductible. Since there was no effort to limit the legal power of the trustee here even to the extent of confining it to the standard of living to which decedent's wife had previously been accustomed, cf.

*Ithaca Trust Co.* v. *United States, supra,* the most that can be regarded as exempt from the inroads of an invasion of corpus is that portion of the principal which can be treated with certainty as beyond the possible needs for comfortable maintenance of a beneficiary during an indeterminate lifetime under unforeseeable circumstances.

But we are cautioned that "Congress and the Treasury require that a highly reliable appraisal of the amount that charity will receive be available, and made, at the death of the testator. Rough guesses, approximations, or even the relatively accurate valuations on which the market place might be willing to act are not sufficient." Bearing in mind that during the period by which decedent's wife survived him amounts were expended which, if they did not exceed, at least approximated the free income which the estate produced, it would easily have been possible that over a period of years the corpus might be radically diminished, if not entirely dissipated. Cf. *John and Pauline Tonningsen Trust,* 43 B. T. A. 37; affd. (C. C. A.. 9th Cir.), 126 Fed. (2d) 48. At least there was no such generous leeway as existed in the *Merchants National Bank* case. And, certainly, nothing like the reliable appraisal called for could be made as of the testator's death which would warrant the conclusion that any specific amount of the gross estate was exempted with certainty from the exercise of the trustee's power to invade and hence was inevitably destined for the charitable legatees. We think respondent's disallowance of the deduction must be sustained.

Reviewed by the Court.

*Decision will be entered for respondent.*

ARUNDELL and VAN FOSSAN, *JJ.,* dissent.