ESTATE OF JOHN SAGE, DECEASED, ALFRED D. SAGE, ROBERT J. RENDALL, AND THE FIFTH AVENUE BANK OF NEW YORK, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97720. Promulgated November 26, 1940.

*T. Girard Wharton, Esq.,* and *Thomas A. S. Beattie, Esq.,* for the petitioners.

*Harold F. Noneman, Esq.,* for the respondent.

### OPINION.

VAN FOSSAN: The single question before us is whether, in determining decedent's taxable estate, petitioners must deduct from a charitable residuary bequest the amount paid by the charitable legatee to decedent's widow in compromise of a contest of decedent's will.

Petitioners contend that the estate tax is imposed upon the transfer of property at death and that the amount of the deduction should be determined as of that date. They assert that Mrs. Sage received nothing by inheritance except that given her specifically by her husband's will. They urge that any additional amount receivable by her was by virtue of the compromise. Respondent's contention is that the widow received the compromise payment as a bequest, devise, or inheritance and that the residuum must be reduced to the extent of the sum paid her. He relies on the decision of the Supreme Court in *Lyeth* v. *Hoey*, 305 U. S. 188.

The deduction under consideration is claimed under section 303 (a) (3) of the Revenue Act of 1926, as amended by section 406 of the Revenue Act of 1934.

In *Lyeth* v. *Hoey*, *supra*, an heir of a decedent opposed probate of the decedent's will. The will contest was settled by compromise and the heir received a payment which the collector of internal revenue contended was income taxable to the heir. In holding that the compromise payment was exempt from income tax as a "bequest, devise, or inheritance", the Supreme Court said:

> There is no question that petitioner obtained that portion, upon the value of which he is sought to be taxed, because of his standing as an heir and of his claim in that capacity. It does not seem to be questioned that if the contest had been fought to a finish and petitioner had succeeded, the property which he would have received would have been exempt under the federal act. Nor is it questioned that if in any appropriate proceeding, instituted by him as heir, he had recovered judgment for a part of the estate, that part would have been acquired by inheritance within the meaning of the act. We think that the distinction sought to be made between acquisition through such a judgment and acquisition by a compromise agreement in lieu of such a judgment is too formal to be sound, as it disregards the substance of the statutory exemption. It does so, because it disregards the heirship which underlay the compromise, the status which commanded that agreement and was recognized by it. While the will was admitted to probate, the decree also required the distribution of the estate in accordance with the compromise and, so far as the latter provided for distribution to the heirs, it overrode the will. So far as the will became effective under the agreement it was because of the heirs' consent and release and in consideration of the distribution they received by reason of their being heirs.

The position of Mrs. Sage in the present proceeding closely parallels that of the heir in *Lyeth* v. *Hoey*, *supra*. The amount payable to her by virtue of the compromise was hers by inheritance and not

by purchase. *Chase National Bank of the City of New York et al.,* *Executors,* 40 B. T. A. 44; see *Charlotte Keller,* 41 B. T. A. 478. Petitioners' contention, that the compromise here differed from that in the *Lyeth* case in that it was not incorporated in the decree of the probate court, is not persuasive. The fact of receipt by Mrs. Sage because of her standing as widow and legatee and not the absence of official court sanction is the material factor bringing this proceeding within the doctrine of *Lyeth* v. *Hoey, supra.*

Petitioners' principal argument with respect to the inapplicability of the *Lyeth* decision is that there the Court was considering an income tax question, while we are confronted with an estate tax problem. They argue that, although Mrs. Sage may have received the payment because she was widow and legatee of decedent, she did not receive it from the estate pursuant to decedent's will or as an heir. They bottom this contention on *Robbins* v. *Commissioner,* 111 Fed. (2d) 828. In that case the Circuit Court of Appeals for the First Circuit held that an indefinite bequest to a charitable institution was not deductible from decedent's gross estate although, as the result of a contest of the will, the charity received a sum equal to the largest amount payable under the indefinite bequest. The court distinguished *Lyeth* v. *Hoey, supra,* on the ground that the Supreme Court was there considering an income tax question. We do not believe, however, that the application of the principles laid down in *Lyeth* v. *Hoey, supra,* must necessarily be limited solely to income tax questions. In *Chase National Bank of the City of New York et al., Executors, supra,* we held that a widow received a payment in compromise of a will contest as an inheritance. The amount payable to Mrs. Sage by the Lord Provost was receivable by her because of her standing as legatee and widow of decedent and was payable to her as such.

Petitioners further assert that the gross estate should be determined as of the date of the testator's death without regard to events occurring after that time. That is the general rule. *Ithaca Trust Co.* v. *United States,* 279 U. S. 151; *Mississippi Valley Trust Co. et al., Executors,* 28 B. T. A. 387; affd., 72 Fed. (2d) 197. Here, however, the Lord Provost was not an heir, but the residuary legatee. His status was not secure until probate of the will. Had the litigation been carried to a judgment and 25 percent allowed by the court and paid in due course, it is clear that the deductible residuary bequest would have been reduced in that amount. We are of the opinion that the agreement entered into in advance to pay Mrs. Sage 25 percent of the amount received likewise effectually limited the size of the residuum. We would ignore the substance of the matter should we decide that the residuary estate was undiminished by the amount payable to the widow. Parenthetically, it will be readily

observed that a contrary conclusion would be fraught with incalculable possibilities for the evasion of estate tax.

We hold that respondent committed no error in excluding from the amount deductible as a charitable bequest the sum payable to decedent's widow under the compromise of the will contest. See *Heim* v. *Nee*, United States District Court, Western District of Missouri, May 28, 1937.

*Decision will be entered for the respondent.*