Estate of Maurice H. Bob, Deceased, by Lester M. Friedman and Elinore H. Baskind, Executors v. Commissioner.
Estate of Maurice H. Bob v. Commissioner
Docket No. 4848.
United States Tax Court
1945 Tax Ct. Memo LEXIS 168; 4 T.C.M. (CCH) 592; T.C.M. (RIA) 45195; June 7, 1945
Lester M. Friedman, Esq., 233 Broadway, New York, N. Y., for the petitioners. Walt Mandry, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This proceeding involves an estate tax deficiency of $23,872.16. The issues are: (1) The value of the stock of a real estate holding corporation wholly owned by decedent at the time of his death; (2) The deductibility of claims against the estate of $63,852 representing an indebtedness to decedent's wife and of $68,834 representing an indebtedness to his daughter; (3) The deductibility of two testamentary charitable bequests of $5,000 each, which, because of lack of funds in the estate, will never be paid; (4) The deductibility of a claim of $9,000 representing a liability *169 incurred by decedent as guarantor of a real estate mortgage; and (5) The deductibility of a fee of $6,500 for the services of an attorney in representing the estate in this proceeding. Decedent died testate February 17, 1941, a resident of the City of New York, N. Y. An estate tax return was filed by the executors with the collector of internal revenue for the third district of New York. Issue 1 [The Facts] At the time of his death decedent was the owner of all of the capital stock, 100 shares, of Chateau Builders, Inc. The only assets of the corporation of any value were two parcels of improved real estate, one situated at 1112-1114 Gerard Avenue, Bronx, and the other at 146 Lenox Avenue, Manhattan. The net market value of both of these properties at the date of decedent's death was not more than $30,000. The executors valued the shares of the corporation at that amount, $30,000, in the estate tax return. The respondent determined that the shares had a value of $33,200. In making his determination he increased the net value of one of the parcels from $20,000 to $21,200 and of the other from $10,000 to $12,000. His increase in the valuations was based upon the prices at *170 which the properties were sold some time after decedent's death. On the evidence before us we have determined that the value of the properties at the date of decedent's death was not in excess of $30,000. The shares of stock of the holding corporation had no greater value. On this issue the petitioners are sustained. Issue 2 [The Facts] In the estate tax return deductions were taken in the amounts of $63,852 and $68,834, respectively, for "Money had and received" from decedent's wife, Bessie Bob, and his daughter, Elinore H. B. Baskind. The wife and daughter were beneficiaries of the estate of the wife's father, the daughter's grandfather, Morris Garfinkel, who died prior to 1927, leaving a large estate. The evidence is that in the years 1927 to 1931 they both received cash distributions from the estate which were turned over to the decedent. Bessie Bob received during those years 13 checks in the aggregate amount of $36,800. The checks were all endorsed over to decedent for deposit in his bank at the Atlantic office of the Bank of America. The daughter's checks were issued to decedent as her guardian. There were 14 of those checks aggregating $39,000. The receipt of *171 those amounts by decedent is reflected in entries made in a loose-leaf notebook which he kept in his own handwriting and also in a general ledger which was kept by his secretary and bookkeeper. The amounts were entered as "Sundry Loans" in the ledger accounts and were carried forward, with adjustments, from year to year. Decedent's account books also show that in 1931 he became further indebted to his wife and daughter in the amount of $48,865 representing the aggregate amount of two real estate mortgages which they owned jointly. One of the mortgages for $30,000 was foreclosed in 1931 and the property was taken over by one of decedent's wholly owned corporations. The other mortgage was in the amount of $17,000. It was paid or otherwise satisfied and the proceeds thereof were transferred to decedent. The deductions claimed in the estate tax return represent the above principal amounts of the mortgages, with certain debits and credits as reflected in the memorandum and ledger accounts. The respondent does not question the fact that decedent's books of account show that he received the amounts in dispute from, or for the benefit of, his wife and daughter and treated them as loans. *172 He contends, however, that the evidence fails to show that decedent did not subsequently repay the amounts or that they were debts legally owing by the decedent at the time of his death. The attorney for dececent's estate in this proceeding, who is also one of the executors of the estate, testified that decedent never made any repayments to either his wife or daughter during his lifetime; that the wife and daughter had both filed claims against the estate for the amounts in dispute; that about $30,000 of the wife's claim had been paid and that a somewhat lesser amount has been advanced to the daughter, who is a co-executor of the estate; that about 75 percent of all claims against the estate have been paid; and that the estate is still in process of administration and is insolvent. We think that the evidence shows beyond reasonable doubt that the claims of the wife and daughter against decedent's estate for the amounts in dispute are valid and enforceable and are deductible from the gross estate. Issue 3 [The Facts] Petitioners claim the deduction of two charitable bequests of $5,000 each, which decedent made in his will, to the "Home of the Daughters of Israel, Inc." *173 and the "Federation for the Support of Jewish Philanthropic Societies." These bequests have not been paid and, as counsel for the petitioners conceded at the hearing, will never be paid, because of the lack of funds. In providing for the deduction of charitable bequests (section 812(d), Internal Revenue Code), Congress must have intended to authorize the deduction of bequests actually paid, or certain of payment, out of the funds of the estate. See Estate of John Sage, 42 B.T.A. 1304, affd., 122 Fed. (2d) 480; certiorari denied 314 U.S. 699; Heim v. Nee, 40 Fed. Supp. 594. In the latter case the court said: * * * The amount to be deducted for testamentary charitable gifts must be computed on the basis of what the charities actually receive, not on the basis of what is provided in the will of the decedent. Since it is conceded here that the charitable bequests will never be paid we do not think that any deduction is allowable for them. Issue 4 At the hearing counsel for the petitioners moved to amend the petition to assert a claim for a deduction of $9,000 on account of a liability of the decedent *174 at the time of his death on his guaranty of a real estate mortgage in that amount. A deduction of $7,000 had been claimed in the original petition. The evidence is that on September 24, 1934, decedent gave his written guaranty of a mortgage in the amount of $9,000 issued on property located at 225 Eldridge Street, which at that time was transferred to decedent's wholly owned corporation. The property was still owned by the corporation at the time of decedent's death. The stock of the corporation was included in decedent's gross estate at a value of $41,000. The property in question had no value at the time of decedent's death, its appraised value being less than the unpaid taxes. In 1944 it was sold for taxes by the city. After the decedent's death his daughter, co-executor of his estate, paid the mortgage out of her personal funds. She has not filed any claim therefor against the estate up to the present time but she is entitled to reimbursement from the funds of the estate, if there are sufficient funds for that purpose. There is no reason to doubt that she will present her claim for payment if and when funds are available. In any event we think that she has a valid claim against *175 the estate on account of which the estate is entitled to the deduction of $9,000. Issue 5 At the hearing counsel for petitioners further amended the petition to assert a claim for the deduction of his fee in the amount of $6,500 for services in representing the estate in this proceeding. Since the claim appears to be reasonable in amount, and since it is for an administration expense, which takes priority over all bequests and claims of creditors, and since the evidence is that there are still sufficient funds in the hands of the executors to pay it, we think that it is an allowable deduction. Decision will be entered under Rule 50.