### UNION PLANTERS NAT. BANK & TRUST CO. et al. v. HENSLEE, Collector of Internal Revenue.

#### Civil Action No. 760.

District Court, M. D. Tennessee, Nashville Division.

Aug. 15, 1947.

Waring, Walker & Cox, of Memphis, Tenn., for plaintiff.

A. O. Denning, Asst. U. S. Atty., of Nashville, Tenn., and Courtnay C. Hamilton, Sp. Atty., Department of Justice, of Washington, D. C., for defendant.

DAVIES, District Judge.

This matter is before the Court upon motion of the defendant to dismiss the action because the complaint fails to state a claim against the defendant upon which relief can be granted.

Plaintiff has sued defendant for the sum of $35,899.12 wrongfully collected by reason of a deficiency assessment against the estate of William Bate Williams, representing tax in the amount of $33,081.52 with interest in the amount of $2,817.60.

William Bate Williams, a resident of Shelby County, Tennessee, died testate on July 22, 1943. Plaintiff is the duly appointed and qualified executor of his last will and testament. Defendant is the Collector of Internal Revenue for the State of Tennessee.

The will directs that all of decedent's property be placed in trust to be administered for the use and benefit of the decedent's mother, Elizabeth Bate Williams, for and during her natural life. It directs the executors and trustees to pay to her the sum of $750 a month to be used by her as she sees fit, and in the event the income from the trust estate is not sufficient to pay the said sum of $750 each month, the executors and trustees are empowered, authorized and directed to encroach on the corpus of the estate to pay said amount and to sell any property for that purpose. The will further provides:

"In addition to this amount my said executors and trustees are authorized and empowered to use and expend in their discretion any portion of my estate, either income or principal, for the pleasure, comfort and welfare of my mother.

114

"The first object to be accomplished in the administration and management of my estate and this trust is to take care of and provide for my mother in such manner as she may desire and my executors and trustees are fully authorized and likewise directed to manage my estate primarily for this purpose."

Item VI of the will provides that after the death of the testator's mother, and after the payment of various specific bequests and legacies and all taxes and expenses, the balance is to be paid to four incorporated charities located in the city of Memphis, Tennessee.

Plaintiff, in filing the Federal Estate Tax Return, calculated the amount which would go to the charities to be the sum of $121,869.20, which was deducted as a charitable bequest.

On August 10, 1945, defendant disallowed the deduction for the charitable bequests on the grounds that they had no presently ascertainable value as of the date of the testator's death, and made a deficiency assessment against the estate in the amount of $33,081.52, which was paid, with interest.

At the time of the death of the testator, his mother approximately eighty-five years of age. She died on October 8, 1946, at the age of eighty-eight. She had an independent estate of her own of the approximate value of $100,000, with an income of approximately $250 to $300 per month, in addition to the $750 per month provided in the will. In December, 1944, the executors paid her the sum of $16,500 in cash in settlement of a claim against the estate. She owned her own home in Memphis and a summer home at Monteagle, Tennessee, and had no dependents or close relatives.

The Court is of the opinion that the decision in this case is governed by the principles laid down by the Supreme Court in the case of Merchants National Bank of Boston, Executor, v. Commissioner of Internal Revenue, 320 U.S. 256, 64 S.Ct. 108, 88 L.Ed. 35, rather than the line of cases which have followed the decision of the Supreme Court in the case of Ithaca Trust Co v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647, inasmuch as the case at bar does not have as strict limitations and standards imposed upon the trustee as in the Ithaca Trust Co. case, the authority to encroach upon the corpus of the estate being unlimited, according to the desires of testator's mother for her pleasure, comfort and welfare, at her direction, and no limitations or safeguards being set up in the interest of the charitable remaindermen.

The motion to dismiss is granted.

Judgment accordingly.