## ITHACA TRUST COMPANY, EXECUTOR AND TRUSTEE, *v.* UNITED STATES.

No. 267.   Argued February 27, 1929.—Decided April 8, 1929.

*Mr. A. F. Prescott, Jr.,* with whom *Messrs. Simon Lyon* and *R. B. H. Lyon* were on the brief, for petitioner.

152

*Solicitor General Mitchell* for the United States.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit to recover the amount of taxes alleged to have been illegally collected under the Revenue Act of 1918, February 24, 1919, c. 18, 40 Stat. 1057, in view of the deductions allowed by § 403 (a) (3), 40 Stat. 1098. The Court of Claims denied the claim, 64 C. Cls. 686, and a writ of certiorari was granted by this Court.

On June 15, 1921, Edwin C. Stewart died, appointing his wife and the Ithaca Trust Company executors, and the Ithaca Trust Company trustee of the trusts created by his will. He gave the residue of his estate to his wife for life with authority to use from the principal any sum "that may be necessary to suitably maintain her in as much comfort as she now enjoys." After the death of the wife there were bequests in trust for admitted charities. The case presents two questions the first of which is whether the provision for the maintenance of the wife made the gifts to charity so uncertain that the deduction of the amount of those gifts from the gross estate under § 403 (a) (3), *supra*, in order to ascertain the estate tax, cannot be allowed. *Humes* v. *United States*, 276 U. S. 487, 494. This we are of opinion must be answered in the negative. The principal that could be used was only so much as might be necessary to continue the comfort then enjoyed. The standard was fixed in fact and capable of being stated in definite terms of money. It was not left to the widow's discretion. The income of the estate at the death of the testator, and even after debts and specific legacies had been paid, was more than, sufficient to maintain the widow as required. There was no uncertainty appreciably greater than the general uncertainty that attends human affairs.

The second question is raised by the accident of the widow having died within the year granted by the statute, § 404, and regulations, for filing the return showing the deductions allowed by § 403, the value of the net estate and the tax paid or payable thereon. By § 403 (a) (3) the net estate taxed is ascertained by deducting, among other things, gifts to charity such as were made in this case. But as those gifts were subject to the life estate of the widow, of course their value was diminished by the postponement that would last while the widow.

lived. The question is whether the amount of the diminution, that is, the length of the postponement, is to be determined by the event as it turned out, of the widow's death within six months, or by mortality tables showing the probabilities as they stood on the day when the testator died. The first impression is that it is absurd to resort to statistical probabilities when you know the fact. But this is due to inaccurate thinking. The estate so far as may be is settled as of the date of the testator's death. See *Hooper* v. *Bradford,* 178 Mass. 95, 97. The tax is on the act of the testator not on the receipt of property by the legatees. *Young Men's Christian Association* v. *Davis,* 264 U. S. 47, 50; *Knowlton* v. *Moore,* 178 U. S. 41, 49, and *passim; New York Trust Co.* v. *Eisner,* 256 U. S. 345, 348, 349; *Edwards* v. *Slocum,* 264 U. S. 61. Therefore the value of the thing to be taxed must be estimated as of the time when the act is done. But the value of property at a given time depends upon the relative intensity of the social desire for it at that time, expressed in the money that it would bring in the market. See *International Harvester Co.* v. *Kentucky,* 234 U. S. 216, 222. Like all values, as the word is used by the law, it depends largely on more or less certain prophecies of the future; and the value is no less real at that time if later the prophecy turns out false than when it comes out true. See *Lewellyn* v. *Electric Reduction Co.,* 275 U. S. 243, 247. *New York* v. *Sage,* 239 U. S. 57, 61. Tempting as it is to correct uncertain probabilities by the now certain fact, we are of opinion that it cannot be done, but that the value of the wife's life interest must be estimated by the mortality tables. Our opinion is not changed by the necessary exceptions to the general rule specifically made by the Act.

*Judgment reversed.*