*272 OPINION".
Murdock:
The estate tax law allows a deduction for the amount of all bequests or legacies to corporations organized for charitable purposes and the income tax law allows a similar deduction for any part of the gross income which is permanently set aside for such purposes. The remainder interest in the decedent’s estate, including the amount realized from the sale of securities (the capital gains), was *273 to go to charitable corporations, hospitals. The Commissioner contends, however, that no deduction is proper because the corpus could be invaded and it is impossible to determine how much might be used up by the widow. He does not suggest that the entire corpus might be used by her, yet he has allowed no deduction. He does not question the fact that the capital gains became a part of the corpus of the trust.
The corpus could be invaded only in case the trustee concluded, in the exercise of its discretion, that income was insufficient for the “comfort, support, maintenance, and/or happiness” of the widow and the use of principal would be “wise and proper.” Cases where the beneficiary was not restricted in any way and cases where annuities for after-born children might consume the corpus are not in point. Cf. Mercantile Trust Co., Executor, 13 B. T. A. 85; affd., 43 Fed. (2d) 39. The problem is similar to that involved in Ithaca Trust Co. v. United States, 279 U. S. 151. The income and such part of the principal as might be “necessary to suitably maintain” her “in as much comfort as she now enjoys” was to go to the life tenant and the remainder was to go to charity. The Court said :
* * * The case presents two questions, the first of which is whether the provision for the maintenance of the wife made the gifts to charity so uncertain that the deduction of the amount of those gifts from the gross estate under section 403(a)(3), supra, in order to ascertain the estate tax cannot be allowed. * * * This we are of opinion must be answered in the negative. The principal that could be used was only so much as might be necessary to continue the comfort then enjoyed. The standard was fixed in fact and capable of being stated in definite terms of money. It was not left to the widow’s discretion. The income of the estate at the death the testator and even after debts and specific legacies had been paid was more than sufficient to maintain the widow as required. There was no uncertainty appreciably greater than the general uncertainty that attends human affairs.
The same principles apply in an income tax case. Helen G. Bonfils et al., Executors, 40 B. T. A. 1079; F. G. Bonfils Trust, 40 B. T. A. 1085; affd., 115 Fed. (2d) 788. The standard fixed by Field was also capable of being stated in fairly definite terms of money. The income of the estate at the death of the testator was more than sufficient to maintain the widow as required and there was no uncertainty as to future sufficiency appreciably greater than the general uncertainty that attends human affairs. There is evidence of the amount of income which could be expected and of the probable expenditures of the widow. The former was about 1.8 times the latter. The actual living expenses of the widow were about one-third of the average income. There is evidence that the widow would be most reluctant to invade the corpus of the trust. The contention of the respondent that there was a “trend” of declining income and ascending expenditures is not borne out by the evidence. The income has been uniform *274 in amount since the sale of the Kennedy 7 percent preferred stock. The expenditures of the widow have increased somewhat as she found some new uses for a part of her excess income, but there is reason to believe that she will never want more than income from the trust. This may be a borderline case,[1] but the possibility of corpus being invaded is sufficiently remote to justify the deductions claimed.
Reviewed by the Board.

Decision will be entered under Rule SO.

Black, Turner, Kern, and Opper dissent.

 Income was about five times the amount needed for the annuities in the Bonflls case. The deduction was disallowed in Boston Safe Deposit & Trust Co. v. Commissioner, 26 B. T. A. 486; affd., 66 Fed. (2d) 179; certiorari denied, 290 U. S. 700, where income was only about 1.4 times the amount needed for annuities and there was a possibility that more annuitants would be born.