## COMMISSIONER OF INTERNAL REVENUE v. WELLS FARGO BANK & UNION TRUST CO.

### No. 10649.

Circuit Court of Appeals, Ninth Circuit.

Oct. 11, 1944.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, Morton K. Rothschild, and Warren F. Wattles, Sp. Assts. to Atty. Gen., for petitioner.

F. M. McAuliffe, L. C. Baker, and Heller, Ehrman, White & McAuliffe, all of San Francisco, Cal., for respondent.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

The Commissioner of Internal Revenue petitions to review a Tax Court decision concerning deductions allowable in computing federal estate tax.

Mary A. Hume died on December 20, 1940. By her will she left the residue of her estate in trust to her niece, Priscilla E. Shand, and to respondent, Wells Fargo Bank & Union Trust Company. The income of the trust fund was to be paid to her niece for life and on the niece's death to various charitable organizations. The trustees were empowered to apply such part of the principal as they deemed reasonable to assist the niece in case of her need "on account of any sickness, accident, want or other emergency." The problem presented is whether in computing the federal estate tax the amount of the charitable bequest may be deducted from the gross estate under § 812(d) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 812(d),[1] and applicable Treasury Regulations.[2]

---

[1] 26 U.S.C.A. Int.Rev.Code, § 812(d). Net estate.

"For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate— * * *

"(d) Transfers for public, charitable, and religious uses. The amount of all bequests, legacies, devises, or transfers, * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *."

[2] Treasury Regulations 105.

" § 81.44 Transfers for public, charitable, religious, etc., uses.—

" * * * *

"If a trust is created for both a charitable and a private purpose, deduction may be taken of the value of the beneficial interest in favor of the former only insofar as such interest is presently ascertainable,

The Commissioner contends that, under a correct construction of the statute and regulations involved, "since the extent to which the trustee could invade the corpus for the benefit of the life tenant was not fixed in fact or capable of being stated in definite terms of money, the deduction of the charitable remainder is not allowable." Respondent answers that the decision in the instant case properly rests upon a question of fact, namely, the likelihood of a resort to principal in favor of the life beneficiary. In brief, the test applied by the former is whether the terms of the will permit the corpus to be invaded for a non-charitable use or purpose and by the latter is whether as a matter of fact there was any reasonable probability that the corpus would be so invaded.

According to the findings of the Tax Court, decedent's niece was at one time employed as a saleslady, receiving a maximum of $175 per month. In 1918 she became decedent's companion at a salary of $45 per week. She retained the position until decedent's death. At that time the niece was fifty-four years of age and possessed independent means valued at approximately $35,000. The appraised value of decedent's residuary estate at the date of her death was $130,000. From the date of its distribution to them on August 18, 1941, until the niece's death on June 22, 1942, the testamentary trustees paid the niece as life beneficiary $300 a month out of the income of the trust. The annual net income of the trust was $4,000, and undistributed income was held by the trustees for the life beneficiary. With the income from her own securities the income of the trust was more than sufficient for her ordinary needs.

■ The Tax Court adopted the theory that "where the possibility of the invasion of the trust principal out of which the charitable bequest is made is so remote as not seriously to affect the ascertainment of the value of the bequest and where, on the known facts, the value can be ascertained with reasonable accuracy, the test for the deduction as laid down by the Supreme Court has been met." It then found "the likelihood that there would ever be any invasion of the trust corpus * * * so remote as not seriously to detract from the value of the charitable bequest" and held the charitable gift herein within the deductions authorized by 26 U.S.C.A. Int. Rev.Code, § 812(d).

The doctrine underlying the Tax Court's decision is supported by Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647, and Commissioner v. Bank of America N. T. & S. Ass'n, 9 Cir., 133 F.2d 753. In the former the testator granted the residue of his estate to certain charities; the gift was made subject to a life interest in his wife and authority was given to draw from the principal any sum "that may be necessary to suitably maintain her in as much comfort as she now enjoys." The supreme court held the amount of the charitable gift deductible from the gross estate on the ground that, as a standard capable of being stated in terms of money was fixed, "there was no uncertainty appreciably greater than the general uncertainty that attends human affairs."

This court in the Bank of America case, supra, relied on the Ithaca Trust Co. case, supra. We refused to follow the rule propounded herein by the Commissioner, that the mere existence of the legal power to invade the corpus of a trust in favor of a private individual defeats the charitable gift deduction, but rather looked to the actualities of the situation, found sufficient certainty of the value of the charitable bequest in the improbability of an invasion of corpus, and concluded that the deduction was allowable. The testator had provided for a trust directing that his sister be paid a certain sum monthly and any additional sums thought necessary "by reason of accident, illness, or other unusual circumstances"; upon the sister's death the funds were to be paid to named charities. The sister's life expectancy was short; she lived simply and within her monthly allowance; she had independent means, and the net income of the trust was well in excess of her fixed annuity. We agree with the Tax

and hence severable from the interest in favor of the private use. * * *

"§ 81.46 Conditional bequests.— * * * "If the legatee, devisee, donee, or trustee is empowered to divert the property or fund, in whole or in part, to a use or purpose which would have rendered it, to the extent that it is subject to such power, not deductible had it been directly so bequeathed, devised, or given by the decedent, deduction will be limited to that portion, if any, of the property or fund which is exempt from an exercise of such power."

132

Court that the facts in the Bank of America case and in the instant case are convincingly similar.

The Commissioner insists that the recent Supreme Court decision of Merchants National Bank v. Commissioner, 320 U.S. 256, 64 S.Ct. 108, 110, which is subsequent in time to Commissioner v. Bank of America N. T. & S. Ass'n, supra, as is the Tax Court decision in the instant case, leaves no alternative but the acceptance of the unqualified rule proposed in his argument. There a will provided for a trust, the income to go to the testator's wife for life and on her death most of the funds to go to named charities. The trustee was authorized to invade the corpus "at such time or times as my said Trustee shall in its sole discretion deem wise and proper for the comfort, support, maintenance, and/or happiness of my said wife," such discretion to be exercised "with liberality to my said wife" and "her welfare, comfort and happiness" to be considered prior to claims of residuary beneficiaries.

The court reasoned, 320 U.S. at page 261, 64 S.Ct. at page 111: "Only where the conditions on which the extent of invasion of the corpus depends are fixed by reference to some readily ascertainable and reliably predictable facts do the amount which will be diverted from charity and the present value of the bequest become adequately measureable. And, in these cases, the taxpayer has the burden of establishing that the amounts which will either be spent by the private beneficiary or reach the charity are thus accurately calculable." The court concluded the deduction for estate tax purposes properly allowed, explaining, 320 U.S. at page 263, 64 S.Ct. at page 112: "Introducing the element of the widow's happiness and instructing the trustee to exercise its discretion with liberality to make her wishes prior to the claims of residuary beneficiaries brought into the calculation elements of speculation too large to be overcome, notwithstanding the widow's previous mode of life was modest and her own resources substantial."

In the instant case there is substantial evidence to support the finding of the Tax Court concerning the remoteness of invasion of the trust corpus. The taxpayer has shown with sufficient certainty that the entire amount of the principal will be available for charitable purposes in accordance with the directions in the will by a showing of the beneficiary's advanced age, frugality over a long period of time, and independent means. The Merchants National Bank case, supra, is clearly distinguishable on its facts. The opinion therein emphasizes the possibility under the will of draining corpus for the widow's happiness through the trustee's exercise of "discretion with liberality," a highly speculative element, which is absent in the instant situation. We therefore find no error. See Commissioner v. Robertson's Estate, 4 Cir., 141 F.2d 855.

Affirmed.