ESTATE OF OLIVER LEE, DECEASED, FREDERICK M. LOCKWOOD AND CHARLES G. REINHART, JR., EXECUTORS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57257. Filed September 27, 1957.

*James F. Watson, Esq.*, for the petitioner.
*Richard G. Maloney, Esq.*, for the respondent.

### OPINION.

RAUM, *Judge:* The Commissioner determined a deficiency of $196,229.59 in estate tax. The petitioners claim that there is no de-

ficiency, and that the estate tax was overpaid in the amount of $4,711.37.[1] The facts have been stipulated.

The only question for decision is whether the respondent erred in disallowing a deduction from the gross estate taken by petitioners under section 812 (d) of the Internal Revenue Code of 1939 on account of legacies to two charitable corporations, the Salvation Army and St. Luke's Hospital. Respondent disallowed the deduction for the reason that "the amount of such legacies was unascertainable at the date of decedent's death."

The decedent, Oliver Lee, died testate on January 11, 1951, a resident of New York. His gross estate was $806,847.35, which, when reduced by funeral and administration expenses and debts totaling $65,822.75, resulted in an adjusted gross estate of $741,024.60. Paragraphs Third to Sixteenth of his will and codicil provided for specific bequests of cash totaling $95,000 and for specific bequests of property which was valued for estate tax purposes at $297. Under the provisions of paragraph Seventeenth the residue of his estate was bequeathed in trust, as follows:

SEVENTEENTH: All the rest, residue and remainder of my estate, real and personal, wheresoever situate, of which I may die seized or possessed, or of which I may be entitled to dispose by this my will, I give, devise and bequeath to my trustees hereinafter named, in trust, however, to hold, manage, sell, invest and reinvest and to pay over from the net income therefrom the sum of Five thousand dollars ($5,000.00) a year to my said brother, DAVID LEE, during his lifetime, such payments of income to be made quarterly or more often in the discretion of my trustees. Any income in excess of Five thousand dollars ($5,000.00) a year, computed each year on the anniversary of my death, I direct my said trustees to pay in equal shares to THE SALVATION ARMY, a religious and charitable corporation organized under the laws of the State of New York, of 120 West 14th Street, New York, New York, and ST. LUKE'S HOSPITAL, a charitable corporation organized under the laws of the State of New York, of Amsterdam Avenue at 113th Street, New York, New York.

Upon the death of my said brother or upon my death if my said brother does not survive me I give, devise and bequeath the said rest, residue and remainder of my estate in equal shares to said THE SALVATION ARMY and ST. LUKE'S HOSPITAL.

The foregoing distribution of income and principal of my residuary estate is subject, however, to the power which I hereby give to my trustees, in their sole discretion, from time to time, to pay to or apply for the benefit of my said brother, from income or principal thereof, or from both income and principal, such sum or sums as my said trustees, or the survivor of them, or the successor trustee hereunder, may deem advisable to take care of any emergency, illness or necessity of my said brother during the time that he is income beneficiary of the said trust.

In addition to the foregoing $5,000 a year, David Lee and his wife each received a specific bequest of $10,000 from the decedent pur-

---

[1] The claimed overpayment is based upon additional attorneys' fees and an actuarial miscalculation in the estate tax return. The parties have stipulated as to both of these items and they may be taken care of under Rule 50.

suant to paragraphs Fourth and Fifth as amended by the codicil. At the date of decedent's death, David was 78 years old, and his wife, Linda, was 57. David owned liquid securities of a total value of approximately $37,000, and also owned, either individually or jointly with his wife, real estate of a value of about $20,000. He had no dependent children, and his home consisted of a 2½-story, 10-room house on 2 acres of land in Belair, Maryland, where he resided with his wife. He suffered from arthritis "accompanied by a slight heart condition." He did not indulge in social activities or entertaining. His adjusted gross income exclusive of capital gains and losses was $2,152.69 in 1949 and $2,793.73 in 1950. His average living expenses, exclusive of taxes and medical expenses, were approximately $4,200 a year.

The ultimate question before us is whether the values of the legacies given in trust to the two named charities after the payment of a $5,000 annuity to decedent's brother, together with discretion in the trustees to apply any part of the income or principal of the trust "to take care of any emergency, illness or necessity" of the brother, were ascertainable at the date of decedent's death so as to entitle the petitioners to a deduction therefor under the provisions of section 812 (d) of the Internal Revenue Code of 1939.

The principle to be applied in determining whether charitable interests in bequests are ascertainable at the date of a decedent's death so as to be deductible is set forth in *Berry* v. *Kuhl*, 174 F. 2d 565, 567 (C. A. 7), as follows:

The charitable interest is deductible in full where the power of the private beneficiary to invade the corpus is limited by a standard fixed by the terms of the will and capable of being stated in terms of money, and where the circumstances of the private beneficiary indicate that the possiblility of invasion is so remote as to be negligible. Ithaca Trust Co. v. United States, 279 U. S. 151, 154, 49 S. Ct. 291, * * *; Hartford-Connecticut Trust Co. v. Eaton, 2 Cir., 36 F. 2d 710; Estate of James M. Schoonmaker, Jr., 6 T. C. 404. Where, on the other hand, no measurable standard is fixed by the will to limit the power of invasion, no deduction for the charitable interest will be allowed, however remote or tenuous the possibility of invasion might be. Henslee v. Union Planters Bank, 335 U. S. 595, 69 S. Ct. 290; Merchants Bank v. Commissioner, 320 U. S. 256, 64 S. Ct. 108, * * *; Gammons v. Hasset, 1 Cir., 121 F. 2d 229, certiorari denied, 314 U. S. 673, 62 S. Ct. 135, * * *

The respondent contends first that the provisions of the decedent's will and codicil do not contain an objective limitation on the trustees' power of invasion for the benefit of the decedent's brother, and second that, even if it be assumed that such a limitation is contained therein, the facts fail to establish that the possibility of invasion was so remote as to be negligible.

We disagree with the respondent's first contention. The will, after providing for the $5,000 annuity for decedent's brother and for the

bequests to the two named charitable organizations, gives the trustees the power to apply any part of the trust income or principal "to take care of any emergency, illness or necessity" of the brother. Similar provisions have been interpreted to have for their purpose the maintenance of the accustomed standard of living of the person for whose benefit the invasion was permitted and held to constitute sufficiently fixed and definite standards to warrant the deduction of charitable remainders. They include powers given trustees to invade "on account of any sickness, accident, want, or other emergency," *Commissioner* v. *Wells Fargo Bank & Union Trust Co.*, 145 F. 2d 130 (C. A. 9) ; "on account of accident, illness or other cause," *Berry* v. *Kuhl, supra;* and "to meet any unusual demands, emergencies, requirements or expenses for her personal needs that may arise from time to time," *Lincoln Rochester Trust Company* v. *McGowan*, 217 F. 2d 287 (C. A. 2). In the latter case, the Court of Appeals pointed (at page 292) to the absence of "[p]atently subjective criteria such as 'happiness' and 'pleasure' which would render the standard too indefinite" and thus distinguished *Merchants National Bank of Boston* v. *Commissioner*, 320 U. S. 256, relied upon by the respondent. The court also (at page 292) distinguished on the facts *DeCastro's Estate* v. *Commissioner*, 155 F. 2d 254 (C. A. 2), another case similarly relied upon here by the respondent.

We conclude that the provisions of the decedent's will disclose an intention to ensure a continuance of the customary standard of living of his brother and that, therefore, a definite standard was fixed which permits the ascertainment with reasonable certainty of the value of the charitable interests if the circumstances of the life beneficiary at the time of decedent's death indicate that the possibility of invasion was so remote as to be negligible.

As to the possibility of invasion we cannot agree fully either with the petitioners or with the Government. At the decedent's death his brother was 78 years old and was suffering with arthritis and some undisclosed form of heart disease. His income was then under $3,000 a year and his expenses, exclusive of taxes and medical expenses, were about $4,200 a year. The record does not disclose the amount of such expenses. It seems likely that, absent any "emergency, illness or necessity," David Lee's income plus the $5,000 annuity were probably sufficient to meet his needs. However, taking into account the medical expenditures that might have to be made on an increasing scale as a result of degenerative diseases and infirmities brought on by advancing age, we cannot say on this record that the possibility of future invasion was so remote as of the date of decedent's death as to be negligible, particularly in an era of rising prices. To be sure, David had some assets beyond his income, but we know of no rule

that would have forced the trustees to require him to exhaust those assets before exercising their power of invasion.

On the other hand, the corpus of the trust was in excess of $600,000, and we are thoroughly satisfied, on the record, that if the trustees were to exercise their power of invasion, the income from the trust, in excess of David's $5,000 annuity, would have been fully adequate to meet the needs contemplated by paragraph Seventeenth.

Accordingly, we conclude that the possibility of the exercise of the power of invasion was not so remote as to be negligible as to the trust income but that it was so remote as to be negligible as to corpus. The bequests of the remainder interests to the two charities are therefore deductible, but the bequests of the income are not deductible.

The stipulation of the parties does not set forth any separate value for the income and remainder interests, but the parties appear to be in agreement as to David's life expectancy as of the date of the decedent's death and we will not assume that they will be unable to reach agreement as to these values in connection with the—

*Decision to be entered under Rule 50.*