STATE STREET BANK AND TRUST COMPANY and Francis Blake, Executors of the will of John Philip Lane, Deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 61–441–S.

United States District Court
D. Massachusetts.

June 12, 1962.

Alfred Thomas, Boston, Mass., for plaintiffs.

Elliot L. Richardson, U. S. Atty., William C. Madden, Asst. U. S. Atty., for defendant.

SWEENEY, Chief Judge.

This is the latest of a series of cases presenting the question whether a remainder to charity, subject under given circumstances to invasion by a trustee for the benefit of a life tenant, is deductible under Section 2055 of the 1954 Code or 812(d) of the 1939 Code, 26 U.S.C.[1]

1. Ithaca Trust Co. v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647 (1929) ; and in this Circuit: Merchants

Bank of Boston v. Commissioner of Internal Revenue, 320 U.S. 256, 64 S.Ct. 108, 88 L.Ed. 35 (1943), affirming 1 Cir.,

The facts have been stipulated and are as follows:

The plaintiffs are the executors of the will of John Philip Lane, who was a resident of Massachusetts at the time of his death, March 5, 1956. Insofar as relevant to this case, the will provides for two trusts, of which the decedent's wife is the sole income beneficiary during her lifetime, with authority to the trustees to pay her principal from either or both of the trusts as they "in their uncontrolled discretion may deem necessary or advisable for her comfortable support and maintenance and for any other reasonable requirement." Upon her death, one fourth of the principal of one of the trusts is payable to the President and Fellows of Harvard College, admittedly an educational corporation, legacies to which are deductible in computing federal estate taxes.

The trustees claimed, in the estate tax return, a deduction of the residuary legacy to Harvard College as a charitable or educational bequest. This was disallowed by the Commissioner of Internal Revenue on the ground that the value of the interest which might pass to the residuary legatee could not be ascertained as of the date of the decedent's death. Subsequently, a deficiency was assessed against the plaintiffs; and on May 25, 1960 they paid the District Director $9,112.00 on account of such deficiency and $1,617.06 interest. The plaintiffs' claim for refund was disallowed in full and this suit followed.

The parties have further stipulated, although the government denies the relevancy of these facts, that the decedent's wife was, at the time of his death, 59 years old, that prior to his death the decedent and his wife had established a way and standard of living which they followed consistently for a number of years and that the income from the two trusts exceeds substantially the amount expended annually by both of them. Furthermore, Mrs. Lane had at the time of her husband's death a sizable estate of her own and she has at no time sought to have the trustees pay her any of the principal of either trust. The trustees, also the plaintiffs herein, "have taken the position that in determining whether principal of the trusts shall be paid to the testator's widow, they will consider not only the adequacy of the income that she receives from the two trusts under the testator's will but also the amount of her own property and income, and that the exercise of the trustee's power to pay principal would not be justified while the widow has any appreciable amount of her own property."

Where a trust is created for both a charitable and private purpose, a deduction may be taken for the value of the charitable interest only insofar as such interest is presently certain and ascertainable in amount. Treasury Regulations 20.2055–2(a) and (b). If, therefore, a testator permits invasion of the corpus designated for charitable purposes, for the benefit of a private legatee, the charitable deduction must be denied unless "the conditions on which the extent of invasion of the corpus depend are fixed by reference to some readily ascertainable and reliably predictable facts," Merchants Bank v. Commissioner, supra at 320 U.S. p. 261, 64 S.Ct. p. 111. The test is the extent of the power to invade not the likelihood of invasion. Whether the power of invasion is subject to a fixed standard depends upon the terms of the power and the construction placed thereon by the law of the state which would have jurisdiction to construe the will. Gammons v. Hassett, supra.

In this case the standard can be found in Article Fifth of the will which

132 F.2d 483 (1942); Gammons v. Hassett, 1 Cir., 121 F.2d 229 (1941), cert. den. 314 U.S. 673, 62 S.Ct. 136, 86 L.Ed. 539; Industrial Trust Co. v. Commissioner, 151 F.2d 592 (1945), cert. den. 327 U.S. 788, 64 S.Ct. 807, 90 L.Ed. 1014;

Newton Trust Co. v. Commissioner, 1 Cir., 160 F.2d 175 (1947); Blodget v. Delaney, 1 Cir., 201 F.2d 589 (1953); Third National Bank & Trust Co. v. United States, 1 Cir., 228 F.2d 772 (1956).

gives the trustees uncontrolled discretion to invade the corpus for Mrs. Lane's "comfortable support and maintenance and for any other reasonable requirement." The words "support" and "maintenance" under the law of Massachusetts and according to decisions in this Circuit must clearly be held to provide a fixed standard under which the value of the charitable remainder is ascertainable. Lumbert v. Fisher, 245 Mass. 190, 139 N.E. 446 (1923); Newton Trust Co. v. Commissioner, supra; Blodget v. Delaney, supra.

On the other hand the word "requirement" has apparently not been construed by the Massachusetts Court, and the plaintiffs urge this Court to accept the dictionary definition—"a necessity, a need." But this is only one of several dictionary definitions, including "something demanded or expected" or something "claimed as by right and authority."[2] In view of the preceding language of the will—"comfortable support and maintenance"—by which the testator had already provided for his wife's needs and necessities, the interpretation of "requirement" as "demand" is far more consistent and rational than that argued by the plaintiffs. Furthermore, the testator qualified "requirement" by the word "reasonable." "Needs" or "necessities," to qualify as fixed standards in the context of these cases, are absolutes. See Lincoln v. Willard, 296 Mass. 549, 6 N.E.2d 774 (1937). It would be meaningless to modify them with "reasonable"; whereas "reasonable" would be most relevant as describing "demand."

I, therefore, find that the testator used the word "requirement" in the sense of "demand"; and so interpreted the will gives to the life tenant a power of invasion so broad that there is no definite standard by which the possible extent of invasion can be measured. In the absence of a fixed standard the likelihood of invasion is irrelevant and the government's objections to paragraphs 8, 9, 10, 11 and 12 of the stipulation are sustained. Absent a fixed standard, moreover, the charitable deduction must be denied.

The government concedes, however, that the deduction for attorney's fees claimed in the instant case may be allowed upon a showing that the amounts were paid, were reasonable and were approved by the probate court.

Judgment may, therefore, be entered for the plaintiffs in the amount of the refund attributable to the attorney's fees incurred in prosecuting this action.

2. Webster's New International Dictionary, Second Edition, Unabridged (1935).