**STATE STREET BANK AND TRUST COMPANY et al., Executors, Plaintiffs, Appellants,**

v.

**UNITED STATES of America, Defendant, Appellee.**

**No. 6056.**

United States Court of Appeals First Circuit.

Heard Jan. 2, 1963.

Decided Jan. 22, 1963.

Frederic G. Corneel, Boston, Mass., with whom John N. Worcester, Alfred Thomas, Philip H. Suter and Sullivan & Worcester, Boston, Mass., were on brief, for appellants.

Carolyn R. Just, Atty., Dept. of Justice, with whom Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Loring W. Post, Attys., Dept. of Justice, and W. Arthur Garrity, Jr., U. S. Atty., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

In this suit for refund of estate taxes the sole question is whether a power in the trustees of a testamentary trust to distribute principal to the testator's widow as they "in their uncontrolled discretion may deem necessary or advisable for her comfortable support and maintenance and for any other reasonable requirement" made the value of the charitable remainder unascertainable for lack of a

definite standard, and hence non-deductible. I.R.C. § 2055 (1954); Newton Trust Co. v. Commissioner, 1 Cir., 1947, 160 F.2d 175. The facts were stipulated. The district court found for the government, on the ground that "requirement" meant "demand" in the sense of request, and the executors appealed.

In this much mooted area two Supreme Court cases illustrate what is inside the pale and what is beyond. In Ithaca Trust Co. v. United States, 1929, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647, invasion of principal was authorized to pay the widow what "may be necessary to suitably maintain her in as much comfort as she now enjoys." The court held this to be at once a definite and an ascertainable standard. On the other hand, in Merchants National Bank v. Commissioner, 1943, 320 U.S. 256, 64 S.Ct. 108, 88 L.Ed. 35, the court reached the opposite conclusion where the power permitted invasion for the widow's "comfort, support, maintenance, and/or happiness," pointing out the impossibility of defining what may be required for a woman's "happiness," and hence of ascertaining what would be the ultimate charitable gift.[1] The government contends that the phrase "any other reasonable requirement" is also undefinable.

Although the executors have argued a number of other matters, in the last analysis their position comes down to asserting that the sole power of invasion is "to permit [the widow] to continue her accustomed standard of living." They are driven to this because they can suggest nothing else that would be measurable.[2] Indeed, they cite no case that has accepted any other standard, regardless of how the will was drawn.[3] Passing the fact that as a matter of mere semantics the executors are suggesting four words when the will uses ten, we think their interpretation unduly restrictive. While in domestic relations cases, as the executors point out, "support and maintenance" is sometimes narrowly construed, see, e. g., Wilson v. Wilson, 1952, 329 Mass. 208, 107 N.E.2d 195, it is clear that a will that permits invasion to furnish "comfortable support and maintenance" of itself provides for the continuance of the widow's present standard of living. Hartford-Connecticut Trust Co. v. Eaton, 2 Cir., 1929, 36 F.2d 710;

1. See, also, Henslee v. Union Planters National Bank, 1949, 335 U.S. 595, 69 S. Ct. 290, 93 L.Ed. 259 ("pleasure, comfort and welfare"). But cf. United States v. Powell, infra, n. 3.

2. The executors properly concede that it is not enough that the income, coupled with the widow's independent means, was such that even more liberal expenditures by her than this in all probability would not, in fact, have called for invasion of principal. This is an impermissible argument until it is first established that the will set a definite standard. Henslee v. Union Planters National Bank, supra, n. 1; see Blodget v. Delaney, 1 Cir., 1953, 201 F.2d 589. The case of Commissioner of Internal Revenue v. Robertson's Estate, 4 Cir., 1944, 141 F.2d 855 must be taken to be overruled by Henslee.

3. Judge Magruder's early pronouncement, see Gammons v. Hassett, 1 Cir., 1941, 121 F.2d 229, 235, cert. den. 314 U.S. 673, 62 S.Ct. 136, 86 L.Ed. 539, that the Ithaca Trust decision went to the very verge of the law has never been contradicted, unless, conceivably, in United States v. Powell, 10 Cir., 1962, 307 F. 2d 821. In that case the will permitted invasion for the widow's "maintenance, welfare, comfort or happiness." In finding a standard the court distinguished Merchants National Bank v. Commissioner, supra, on the ground that the will there said that "happiness" was to be "liberally" construed, whereas the instant will required the trustees to determine that invasion was "justified." However, it is not clear what standard the court felt was established, unless the standard of living to which the widow was already accustomed. In passing, with all deference, we have serious reservations about the court's interpretation of "happiness." In addition to denying it any meaning over other words already in the will, the only case cited with what we would think comparable language was Blunt v. Kelly, 3 Cir., 1942, 131 F.2d 632 ("support, care or benefit") apparently without recognizing the question there was entirely different. Cf. Newton Trust Co. v. Commissioner, infra.

Berry v. Kuhl, 7 Cir., 1949, 174 F.2d 565; Holden v. Strong, 1889, 116 N.Y. 471, 22 N.E. 960; cf. Blodget v. Delaney, 1 Cir., 1953, 201 F.2d 589 ("comfort and welfare"). Hence the executors are saying the will contains a clause of six words, expressed cumulatively and not alternatively, that means absolutely nothing.

 We realize that wills may be redundant. But there is also a principle that additional words presumably import additional meaning. There comes a time when this principle must be recognized. Even if, as executors very persuasively argue, "reasonable requirement" means a "need" (rather than a "request") and "comfortable support and maintenance," also, means "needs," we do not believe it follows that in combination there is no greater meaning. As has been pointed out, a gift of "support and maintenance," or an equivalent phrase, of itself is a gift to the widow of support in the manner to which she has been accustomed. It would seem fair to assume that the addition of "any other reasonable [need]" authorized the trustees to provide something more; to wit, a higher—and hence immeasurable—standard. Cf. Third National Bank and Trust Co. v. United States, 1 Cir., 1956, 228 F.2d 772; Newton Trust Co. v. Commissioner, 1 Cir., 1947, 160 F.2d 175 ("use and benefit"); DeCastro's Estate v. Commissioner, 2 Cir., 1949, 155 F.2d 254, cert. den. 329 U.S. 727, 67 S.Ct. 82, 91 L.Ed. 630 ("amply provide for her needs").[4]

The problem here raised had long been conspicuous when this will was drawn. The area is a sensitive one. In a sense in every instance where invasion of principal is authorized, but the value of the remainder is claimed as a deduction, the testator has been attempting to eat his cake and have it, too. Yet it was clear that this testator could have provided for his widow's "comfortable support and maintenance," or, indeed, in terms for her "accustomed standard of living," and escaped this difficulty. Where he chose to say something more, with complete absence of specificity, we believe the risk of uncertainty should be his and not the government's.

Judgment will be entered affirming the judgment of the District Court.

---

4. It is true that in this last case the will further provided that "no one shall have the right to call into question the propriety of the amount so applied for my wife." So, in the case at bar, the will provided that the trustees' discretion was to be "uncontrolled." These provisions mean the same thing, Dumaine v. Dumaine, 1938, 301 Mass. 214, 16 N.E.2d 625, 118 A.L.R. 834, and, of course, do not mean literally what they say. Ibid.