ESTATE OF MARY COTTON WOOD, MORGAN GUARANTY TRUST COMPANY OF NEW YORK (FORMERLY GUARANTY TRUST COMPANY OF NEW YORK), EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89846. Filed March 19, 1963.

920

*Frank H. Detweiler, Esq.*, for the petitioner.

*Philip Shurman, Esq.*, and *Lionel Savadove, Esq.*, for the respondent.

922

## OPINION.

RAUM, *Judge:* The basic criteria to be taken into account in determining whether the bequest of the charitable remainder interests is deductible were set forth in *Ithaca Trust Co.* v. *United States*, 279

U.S. 151. There, the testamentary trust provided for charitable remainders after a life estate for the decedent's wife with authority to withdraw from principal any sum "that may be necessary to suitably maintain her in as much comfort as she now enjoys." The court held that the power to invade principal could be exercised only in accordance with a standard that was "fixed in fact and capable of being stated in definite terms of money" and "not left to the widow's discretion" (279 U.S. at 154); and that since the income was more than sufficient to maintain the widow as required, the gift of the charitable remainders was not so uncertain as to preclude the deduction. We think that the same result must be reached here.

This case is to be sharply distinguished from *Merchants Bank* v. *Commissioner*, 320 U.S. 256, and *Henslee* v. *Union Planters Bank*, 335 U.S. 595, where the standards for invasion of the principal were so loose as to be virtually nonexistent, or, in the very least, incapable of being translated in terms of money. In *Merchants Bank*, one of the conditions on which the trustee could distribute corpus to the life beneficiary was her "happiness," and the trustee was directed to "exercise its discretion with liberality to my said wife, and consider her welfare, comfort and *happiness* prior to claims of residuary beneficiaries." (Italic supplied.) 320 U.S. at 258. In *Henslee* v. *Union Planters Bank*, the trustees were directed to pay a fixed monthly sum to the decedent's mother for life and in addition the trustees were authorized to expend any portion of the trust property for her "*pleasure*, comfort and welfare," with the admonition that "The first object to be accomplished * * * is to take care of and provide for my mother *in such manner as she may desire* and my * * * trustees are fully authorized and likewise directed to manage my estate primarily for this purpose." (Italic added.) 335 U.S. at 596. Thus, in both *Merchants Bank* and *Henslee* v. *Union Planters Bank*, the powers of invasion were couched in terms that were subjective in character and were so broad as to be incapable of being reasonably confined within any ascertainable standard. And it was for that reason that the charitable bequests of the remainders were held to be without any presently ascertainable value that could furnish the basis for a deduction.

In our judgment the present case is on the same side of the line as *Ithaca Trust*, and not on the other side occupied by *Merchants Bank* and *Henslee* v. *Union Planters Bank*. Here the power of invasion was limited by the words "support, maintenance, welfare and comfort." We think that these four somewhat overlapping nouns were intended in the aggregate to describe the life beneficiary's standard of living in all its aspects and were not intended to incorporate such subjective and elusive concepts as "happiness," "pleasure," and "desire" which characterized *Merchants Bank* and *Henslee* v. *Union*

*Planters Bank*, particularly in the light of the admonitions to the trustees in those cases to construe the powers of invasion liberally in favor of the income beneficiaries.

Admittedly, the words "support," and "maintenance" are regarded as referable to a standard of living, and the addition of the naked words "comfort" and "welfare" in the context of the instrument before us merely rounds out the standard of living concept. Cf. *Mercantile-Safe Deposit & Trust Co.* v. *United States*, 172 F. Supp. 72 (D. Md.) ("reasonable living expenses, comfort, maintenance and general welfare") ; *Lincoln Rochester Trust Co.* v. *Commissioner*, 181 F. 2d 424 (C.A. 2) ("proper care, support and maintenance") ; *Blodget* v. *Delaney*, 201 F. 2d 589 (C.A. 1) ("comfort and welfare") ; *Hartford-Connecticut Trust Co.* v. *Eaton*, 36 F. 2d 710 (C.A. 2) ("necessary or advisable for her comfortable maintenance and support").[1] See particularly *In re Buell's Estate*, 66 N.Y. Supp. 2d 180, interpreting "welfare" under applicable New York law.

To be sure there are a variety of cases on both sides of the line,[2] some of them close to the line. But the problem in each case is to construe the words of the particular instrument in the light of the instrument as a whole, and we think it would serve no useful purpose to embark upon an analysis of these cases. Suffice it to say we are satisfied that the instrument before us does provide a reasonable standard for determining the extent to which the charitable remainders might be depleted by the power of invasion.

There remains therefore the factual inquiry as to whether there was any likelihood or possibility of invasion. Cf. *Estate of Oliver Lee*, 28 T.C. 1259, 1261, 1262; *Berry* v. *Kuhl*, 174 F. 2d 565, 567 (C.A. 7). At the time of the decedent's death in 1956, Ernest's living expenses were between $3,000 and $4,000 a year. His income from sources outside the testamentary trust was then only slightly less than $5,000. The trust itself could reasonably have been expected to produce at least $10,000 additional income, and it in fact yielded more than that. While it is true that there was an increase in Ernest's expenditures after the decedent's death, his total expenditures were nevertheless well below his income, and indeed there were special

---

[1] See Rev. Rul. 54–285, 1954–2 C.B. 302:

"Where the power of invasion is limited by such words as 'comfort and support' with no express standard or limitation in the will or instrument, such words should be interpreted as meaning the comfort and support according to the standard of living enjoyed by the beneficiary prior to the decedent's death, if such interpretation is consistent with applicable local law, and other terminology in the will or instrument does not require some different interpretation. * * *"

[2] A number of the cases are summarized in *Kline* v. *United States*, 202 F. Supp. 849 (N.D. W.Va.), affirmed 313 F. 2d 633 (C.A. 4). See also *State Street Bank and Trust Co.* v. *United States*, 313 F. 2d 29 (C.A. 1), affirming 207 F. Supp. 955.

circumstances explaining such increases that made it likely that the bulk of the increases would continue for only a temporary period. We are satisfied on the record before us that the possibility of invasion as of the date of the decedent's death was so remote as to be negligible, and have so found as a fact. The Commissioner's determination in this respect must therefore be disapproved.

*Decision will be entered under Rule 50.*