ESTATE OF EVANGELINE L. DUMESNIL, DECEASED, MYRON ALPERT, SPECIAL FIDUCIARY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Dumesnil v. Commissioner
Docket No. 5954-78
United States Tax Court
T.C. Memo 1982-366; 1982 Tax Ct. Memo LEXIS 384; 44 T.C.M. (CCH) 306; T.C.M. (RIA) 82366; June 28, 1982
Eli Friedman, for the petitioner. James R. Rich, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in the Federal estate tax of the estate of Evangeline L. Dumesnil, deceased, Myron Alpert, special fiduciary, in the amount of $ 50,502.04. The only issue for decision is whether decedent's estate is entitled to a charitable deduction under section 2055[1] for a remainder interest in a trust established under decedent's will. The parties stipulated at trial that this issue is to be controlled by our determination of whether the value of the remainder interest passing to charity is "presently ascertainable," as required under section 2055. *386 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Albert Green, executor of the estate of Evangeline L. Dumesnil, filed a Federal estate tax return for decedent's estate with the Internal Revenue Service Center, Cincinnati, Ohio, on December 1, 1975. At the time the petition was filed in this case, Mr. Green resided in Oak Park, Michigan. [2]
Decedent, Evangeline L. Dumesnil, died testate on February 28, 1975. Her husband, Maurice H. Dumesnil, and her father, Albert J. Lehman, had predeceased her. Freda Lehman, decedent's sister, was 78 years old on the date of decedent's death and at that time, and at the time of the trial of this case, resided at a rest home in Detroit, Michigan. Decedent executed her last will and testament on May 29, 1957. The will provided that after the payment of all debts, funeral and administrative expenses, and taxes of every description resulting from her death, the residue of her estate *387 was to pass outright to her husband if he survived her. The will further provided that if her husband did not survive her, the residue of her estate was to be placed in trust with Albert Green "for the following uses and purposes:" 1. The net income from the trust shall, at convenient intervals, be paid to or used and expended for the benefit of my beneficiaries, Freda Lehman, my sister, and Albert J. Lehman, my father, if they survive me, for the period hereinafter stated. If the net income from the trust, together with such other income as may be available to them from other sources, be insufficient for their support, maintenance and comfort, then in such case my Trustee is authorized to pay or use and expend for the benefit of my said beneficiaries so much of the corpus of the trust as in his sole and uncontrolled discretion may be deemed to be necessary for such purposes. My Trustee is specifically authorized to pay to or use and expend for the benefit of my said beneficiaries so much of the corpus of the trust as in his sole and uncontrolled discretion may be necessary for any other purpose that will, in the sole and uncontrolled discretion of my Trustee, further the best *388 interests of such beneficiaries for and during the lifetime of my said beneficiaries or the survivor of them. 2. In the event of the death of both of said beneficiaries, then the entire corpus of said trust, together with all accumulations, or my residuary estate, as the case may be, shall be used, expended, and administered by my said Trustee for making available scholarships in the musical arts to such persons as my Trustee shall deem to be deserving, or shall be paid over to such persons as I may direct by any codicil to this Will. On May 12, 1958, Albert J. Lehman, father of Freda Lehman, filed a petition in the Probate Court of Macomb County, Michigan, for the appointment of a guardian for her, on the grounds that she was mentally incompetent. The petition was granted, and Albert Green was appointed as her guardian. At the time of trial, Freda Lehman remained mentally incompetent. No portion of the corpus of the trust established in the will has ever been invaded for the benefit of Freda Lehman. Myron Alpert was appointed special fiduciary for the estate on October 24, 1979, following the death of Albert Green. On the Federal estate tax return filed by the executor, *389 a charitable deduction in the amount of $ 259,340.12 was claimed. This amount represented the total gross estate less funeral and administrative expenses and debts of decedent. The assets of the estate consisted of stocks and bonds, notes and cash, and other miscellaneous property. In his notice of deficiency, respondent determined a deficiency of $ 50,502.04. The deficiency was due solely to the disallowance of the claimed charitable deduction of $ 259,340.12 and was explained as follows: It is determined that the charitable remainder trust established under decedent's Last Will and Testament executed on May 29, 1957, did not qualify for an estate tax charitable deduction because it did not meet the requirements of Section 2055 of the Internal Revenue Code. OPINION In general, section 2055(a) provides for a deduction from the value of the gross estate for the amount of all bequests, legacies, devices, or transfers made to qualified charities. Section 2055(e)(2)(A), which was added to the Code by the Tax Reform Act of 1969, Pub. L. 91-172, 83 Stat. 487, provides that a deduction for a remainder left to charity will not be allowed unless the charity's *390 remainder interest is in a charitable remainder annuity trust or a charitable remainder unitrust or a pooled income fund. However, section 2055(e)(3) provides that a deduction will nevertheless be allowed if the governing instrument is amended within a specified period of time. [3]Section 2055(e)(3), permitting such amendment of a trust, applies only where the remainder interest at the date of decedent's death meets the deductibility requirements of the pre-1969 law. See Estate of Humbert v. Commissioner, 70 T.C. 542 (1978). Under both the pre-1969 and present law, a deduction is allowable for a remainder interest left to a charity only where the transfer meets the requirements of section 20.2055-2(a) and (b), Estate Tax Regs. See Estate of Gooel v. Commissioner, 68 T.C. 504, 509 (1977), affd. without published opinion 639 F.2d 788 (9th Cir. 1981). For the purposes of the instant case, the parties have agreed that the only issue presented is whether the remainder interest passing to charity is "presently ascertainable" under section 20.2055-2(a), Estate Tax Regs. [4] If the charitable remainder interest is not presently ascertainable, *391 it cannot be severed from the noncharitable interest and therefore is not deductible. *392 The parties initially disagree as to whether evidence outside of the language in the will, which specifies the powers of the trustee, should be considered in determining whether an ascertainable standard of invasion of the trust corpus exists. Petitioner at the trial offered evidence of the status and living habits of the only remaining life beneficiary of the trust, Freda Lehman, in an attempt to show that the actual possibility of an invasion of the corpus of the trust was very remote. The issue presented, however, is whether the trustee's power of invasion is sufficiently limited by the provisions of the instrument establishing the trust. In this regard, we have stated: "In determining whether the trustee's power meets this test, the intention of the testator as expressed in the language of the will is the controlling consideration. [Fn. ref. omitted.]" Estate of McGuire v. Commissioner, 59 T.C. 361, 363 (1972). Respondent argues that the trustee's power of invasion was so broad that it was not limited by an ascertainable standard. The will stated that in the event that the net income from the trust was insufficient for the beneficiaries' "support, maintenance *393 and comfort," the trustee had the power to invade in such amount as "in his sole and uncontrolled discretion may be deemed to be necessary for such purposes." In addition, the will stated as follows: My Trustee is specifically authorized to pay to or use and expend for the benefit of my said beneficiaries so much of the corpus of the trust as in his sole and uncontrolled discretion may be necessary for any other purpose that will, in the sole and uncontrolled discretion of my Trustee, further the best interests of such beneficiaries for and during the lifetime of my said beneficiaries or the survivor of them. (Emphasis supplied.) There have been a number of cases discussing the issue presented in this case. The Supreme Court has on three occasions interpreted trust provisions providing for the invasion of corpus for the support or welfare of the individual beneficiary where the remainder interest was to go to a charity. In Ithaca Trust Co. v. United States, 279 U.S. 151, 154 (1929), it found that an ascertainable standard existed where the trustee could invade the principal for any amount "that may be necessary to suitably maintain her in as much comfort *394 as she now enjoys." However, the Supreme Court in Merchants Nat. Bank of Boston v. Commissioner, 320 U.S. 256, 258-262 (1943), held that the power to invade the principal of a trust for the "comfort, support, maintenance, and/or happiness" of the beneficiary did not constitute an ascertainable standard, and in Henslee v. Union Planters Bank, 335 U.S. 595, 598 (1949), held that use of corpus for "pleasure, comfort and welfare" of the beneficiary did not limit invasion of the corpus by an ascertainable standard. The provision in decedent's will permitting the invasion of corpus for the "support, maintenance and comfort" of the beneficiary could be considered to be a standard limited in amount or nature. See Ithaca Trust Co. v. United States, supra at 154; Blodget v. Delaney, 201 F.2d 589, 591 (1st Cir. 1953); Estate of Wood v. Commissioner, 39 T.C. 919, 920 (1963). However, the remaining language in the provision of the will empowering the trustee to invade the corpus of the trust in his sole and uncontrolled discretion for the purposes of furthering the "best interests" of the beneficiaries does *395 not limit the invasion to an ascertainable standard. In Estate of Zentmayer v. Commissioner, 336 F.2d 488, 489 (3d Cir. 1964), affg. a Memorandum Opinion of this Court, the trustees had the power to invade for the "support, the maintenance, the welfare and comfort" of the beneficiary "and for any other purpose which my trustees shall deem expedient, necessary or desirable for the benefit or use of my said sister * * *." In concluding that the trustee's powers were not limited by an ascertainable standard, the Third Circuit held that the trustee could properly invade the principal for almost anything that the beneficiary could desire. See also Estate of McCord v. United States, 516 F.2d 832, 835-836 (6th Cir. 1975) ("best interest"); Estate of Cotter v. United States, 448 F.Supp. 25, 29 (E.D. Mich. 1977), affd. without opinion 633 F.2d 214 (6th Cir. 1980) ("care, comfort, support or welfare"); Detroit Bank & Trust Co. v. United States, 338 F.Supp. 971, 973 (E.D. Mich. 1971) ("To allocate all receipts and disbursements between income and principal in such manner as the Fiduciaries shall deem just and equitable, *396 regardless of any rule of law or statute to the contrary."); Estate of Humbert v. Commissioner, 70 T.C. 542, 551-553 (1978) ("necessary" for the beneficiaries' "benefit"); Estate of James v. Commissioner, 40 T.C. 494, 497-499 (1963) ("for comfortable maintenance and support, for educational requirements, illness, operations, or for any reason whatsoever"). It is clear from the case law that the power to invade for the "best interests" of the beneficiary is not a power which is limited by an ascertainable standard. For this reason, the amount of the charitable remainder cannot be valued as of the date of decedent's death and a deduction for a charitable bequest under section 2055 is not allowable. We decide the only issue presented to us for respondent. However, since a reference is made in the notice of deficiency to additional credit for state death taxes, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. In an order dated March 10, 1980, this Court granted petitioner's motion for the substitution of Myron Alpert, special fiduciary, for Albert Green, executor, of the estate due to the death of the executor, Albert Green.↩
3. Sec. 2055(e)(3) provides, in part, as follows: In the case of a will executed before September 21, 1974, or a trust created before such date, if a deduction is not allowable at the time of the decedent's death because of the failure of an interest in property which passes from the decedent to a person, or for a use, described in subsection (a), to meet the requirements of subparagraph (A) of paragraph (2) of this subsection, and if the governing instrument is amended or conformed on or before December 31, 1975, * * * so that the interest is in a trust which is * * * a charitable remainder unitrust (described in section 664), * * * a deduction shall nevertheless be allowed. The Secretary or his delegate may, by regulation, provide for the application of the provisions of this paragraph to trusts whose governing instruments are amended or conformed in accordance with this paragraph * * *. This provision was subsequently amended by Pub. L. 96-605, Sec. 301 (Dec. 28, 1980), 94 Stat. 3530, so that it applied to wills executed before December 31, 1978, if the instrument was amended on or before December 31, 1981. In December 1981 a petition was filed in the Probate Court of Wayne, Michigan, requesting amendment to the trust established by decedent's will to conform it to the provisions of sec. 2055(e)(2)(A). Because of our decision of the issue presented in this case, it is unnecessary for us to consider whether the order issued with respect to that petition complies with the provisions of sec. 2055(e)(3)↩. 4. Sec. 20.2055-2(a), Estate Tax Regs., provides, in part, as follows: Sec. 20.2055-2 Transfers not exclusively for charitable purposes -- (a) Remainders and similar interests↩. If a trust is created or property is transferred for both a charitable and a private purpose, deduction may be taken of the value of the charitable beneficial interest only insofar as that interest is presently ascertainable, and hence severable from the noncharitable interest. * * *