**McDONALD v. WELCH, Collector of Internal Revenue.**

**No. 6629.**

District Court, D. Massachusetts.

Oct. 28, 1936.

Wm. B. Sullivan, Jr., of Boston, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Asst. U. S. Atty., both of Boston, Mass., for defendant.

SWEENEY, District Judge.

This is an action at law filed by the executor of the estate of Michael J. McLaughlin to recover an estate tax alleged to have been illegally assessed against the estate of the decedent by the Commissioner of Internal Revenue.

The court adopts as its findings of fact the following agreed statement of facts filed by the parties hereto:

The decedent died on January 25, 1933, leaving a last will and testament in which he created a trust fund of his entire estate. He was survived by five sons and daughters, all of whom were over fifty years of age. On April 11, 1934, the plaintiff filed with the collector an estate tax return showing a total gross estate of $78,-846.49, and claimed total deductions of $167,869.49, which included a charitable deduction of $60,000 to the Home for Destitute Catholic Children. Under this return no tax was payable. On February 13, 1935, the Commissioner determined the gross estate to be $89,582.94, and allowed deductions, including a specific exemption of $50,000, in the amount of $66,511.24, resulting in a net estate, subject to tax, of $23,072.45, on which a federal estate tax of $392.17 was assessed and paid, together with interest in the amount of $34.68. It is for the return of this tax and interest totaling $426.85 that this suit was brought. A claim for refund was properly filed, and was disallowed on December 28, 1935.

The trust created in the will provided that the income therefrom should be paid in equal shares to the five children of the testator, and by clause 2C provided that: "If in the opinion of the trustees the share of the income for any beneficiary or beneficiaries because of serious sickness, illness, physical or mental incapacity, or otherwise, of any beneficiary or beneficiaries does not adequately provide for the financial need of such beneficiary or beneficiaries on account of such sickness, illness, physical or mental incapacity, the said trustees are hereby authorized to pay any part of the principal of the trust fund to such financially embarrassed beneficiary or beneficiaries as in the judgment and discretion of said trustees they deem advisable."

At the time of the testator's death, three of his children were in good health. The fourth was weak physically and mentally, had never been able to support herself, and had no income other than that furnished by the testator. For several years prior to the testator's death she had lived with her brother, and the testator had paid that brother $40 a month for her support. Shortly after the death of the testator another sister was appointed conservator of her property, and took her to live with her. The fifth was of a shiftless type, drifting about the country, doing odd jobs here and there.

The Home for Destitute Catholic Children is a charitable institution within the purview of the Revenue Statutes here involved.

The sole question presented is whether the section of the will above quoted renders the bequest to charity of such an uncertain character and amount as to

550

prevent its being a proper deduction from the decedent's gross estate for tax purposes.

In the case of Humes v. United States, 276 U.S. 487, 48 S.Ct. 347, 72 L.Ed. 667, the court refused to allow as a proper deduction the alleged value of an interest in an estate which was arrived at by a combination of the standard experience table of mortality with two other relatively unknown tables, on the theory that such a value would be mere guesswork. The rule seems to be that a gift to a charity is deductible when the amount that will go to charity is certain or ascertainable.

In Ithaca Trust Company v. United States, 279 U.S. 151, 49 S.Ct. 291, 73 L. Ed. 647, the court held that a devise of a life estate to the testator's wife with authority to use from the principal any sum "that may be necessary to suitably maintain her in as much comfort as she now enjoys" with a gift over to charity did not make the gift so uncertain that the deduction from the gross estate could not be allowed. The amount of money that could be used in any given year for the support of the wife was only such amount as might be necessary to maintain her in her then comfort. The trustees could readily have ascertained the maximum amount that she could have drawn in any year, and thus there was no uncertainty as to the value of the devise to charity.

In the case of Ithaca Trust Company v. United States, supra, the court stated that the estate of the testator is to be settled as of the date of the testator's death, and that the tax is on the act of the testator, and not on the receipt of the property by the legatees. So much of the plaintiff's argument as relates to payments to the children since his death, as a basis for ascertaining probable future necessary payments is not considered, as we must deal with the matter as of the date of the testator's death, and determine whether the value of the charity bequest is ascertainable or certain. The present case seems to come within the doctrine in the Humes v. United States, supra, where mere guesswork must be employed to ascertain the value of the bequests which eventually go to charity. While it has been argued by the plaintiff that the amounts, as shown by experience since the death of the testator, to be used under the clause in the will, will be relatively small, at best this is mere guesswork. Any long sickness, physical or

mental incapacity, on the part of any one or more of the children, might result in a material decrease of the funds. It is true that the money is to be paid only if, in the opinion of the trustees, the situation warrants it. It is to be assumed, however, that they will faithfully discharge the request of the testator which is to the general effect that, if the income from the estate of each child was not sufficient to adequately provide for the needs of the beneficiaries on account of sickness, physical or mental incapacity, they were charged with the duty of paying such beneficiaries such portion of the principal as might be needed. The devise to charity is not certain or ascertainable without resorting to conjecture or guesswork. The plaintiff's motion for judgment in his favor is therefore denied.

The plaintiff's requests for rulings are denied in so far as they are inconsistent with this opinion, and are allowed in so far as they are consistent with it.

The defendant's requests for findings of fact and conclusions of law are denied in so far as they are inconsistent with this opinion, and are allowed in so far as they are consistent with it.

Judgment may be entered for the defendant.