Mary B. Pomerene, Executrix of the Estate of Atlee Pomerene, Deceased v. Commissioner.
Pomerene v. Commissioner
Docket No. 106541.
United States Tax Court
1943 Tax Ct. Memo LEXIS 234; 2 T.C.M. (CCH) 304; T.C.M. (RIA) 43298; June 24, 1943
*234 Mark A. Loofbourrow, Esq., Union Commerce Bldg., Cleveland, O., for the petitioner. Thos. F. Callahan, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: In determining a deficiency of $4,570.98 in estate tax, the Commissioner disallowed a deduction for an alleged bequest of $30,000 to Wooster College, which is stipulated to be an exempt educational institution. The facts are all stipulated and need not be set forth in this opinion; they are found as stipulated. The only question is whether by the language of the codicil to decedent's will there was a bequest or legacy to Wooster College. If so, such bequest is deductible as provided in Section 303(a)(3), Revenue Act of 1926 (now brought into Internal Revenue Code, Section 812(d)). The codicil first recites the testator's primary purpose that his wife shall have from the estate "everything that may be necessary for her comfort as long as she may live." The wife is then named executrix and trustee [the will creates no express trust] and to her the testator "gives" $30,000 absolutely. The alleged bequest to Wooster College appears in the following language: 3. A considerable part of my estate came by inheritance *235 through my brother, Dr. Harry P. Pomerene. I know he had in mind to make a substantial bequest to Wooster College where he graduated and it is my desire, if there is sufficient to care for my wife, that Thirty Thousand Dollars ($30,000.00) be given to Wooster College as a memorial fund in memory of my brothers, Dr. Harry P. Pomerene, Judge Celsus B. Pomerene, Dr. Lister Pomerene, Dr. Lee Pomerene, Melvin Pomerene. Esquire, and Dr. M. B. Pomerene, each of whom attended Wooster College for a time, said fund to be invested and the income therefrom to be used to pay the tuition of poor and worthy students, provided, however, that if my wife shall for her comfort be in need of funds in addition to those already provided for her, then Wooster College shall pay to her as interest on said memorial fund not exceeding two percent (2%) per year as long as she may live. Eighteen bequests of specific amounts are then made, each of which is couched in terms, "I also give," "I give," "I give," "I also give," "I give also." 9. If for any reason my estate should not be sufficient to pay these bequests, then it is my desire that each of said bequests, except the bequests to my wife and to Florence *236 Walsh, shall be reduced in proportion to their several amounts. 10. The residue of my estate, over and above the bequests made and the payment of my debts, shall be given to my wife, Mary B. Pomerene. Thus there is a striking contrast between the language of the specific bequests and the language of the provision for Wooster College. In view of this contrasting language, we are of the opinion that no bequest was made to Wooster College, and that the testator was using precatory words which might move his wife, who was his executrix, to set up the memorial fund in memory of his brothers if in her discretion she thought there was sufficient to care for her after she had received from the estate everything that was, in her opinion, necessary for her comfort during life. This was not an absolute bequest, both because there are no terms of direct bequest and also because the fund was conditioned upon an indefinite need of the testator's wife which she alone was in position to determine. Burdick v. Commissioner, 117 Fed. (2d) 972; Gammons v. Hassett, 121 Fed. (2d) 229. There was no such standard of her needs as gave any assurance *237 that an excess would exist in the estate for the suggested memorial fund. Cf. Ithaca Trust Co. v. United States, 279 U.S. 151. It is idle therefore for petitioner to contend, as she does, that clause 3 of the codicil "should be read as though it provided 'I gave Wooster College Thirty Thousand Dollars ($30,000.00).'" This is exactly what the testator plainly and intentionally omitted to say, even though in making the specific bequests he had no difficulty in finding express words of bequest. Since we hold that there was no bequest to Wooster College, there is no occasion to consider the final terms of the paragraph which impose upon Wooster College the duty of paying the widow two per cent (2%) of the fund in case of need, which petitioner concedes would operate to reduce pro tanto the amount of the deduction. Something is said about a possible deduction because of litigation involving the decedent's possible liability as a bank director; but apparently no deduction was taken on the return and no amount was disallowed in the deficiency notice. No evidence on the subject is in the record and petitioner makes no such point in her brief. We have, *238 therefore, no such item to consider. Decision will be entered for the respondent.