**Thomas L. SIMMONS and Thomas L. Simmons as Conservator for Anna J. Simmons, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 80–5190.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. ·15, 1981.

Decided Feb. 8, 1982.

H. William Lyle, Tucson, Ariz., for plaintiff-appellant.

Farley P. Katz, Dept. of Justice, Washington, D.C., for defendant-appellee.

Before MERRILL and ALARCON, Circuit Judges and VAN PELT *, District Judge.

MERRILL, Circuit Judge.

Appellant, as conservator of Anna J. Simmons (hereinafter taxpayer) seeks recovery of $126,377 income tax paid for the years 1973 and 1974, contending that a gift in the form of a charitable remainder annuity trust had been made in 1973. This suit was brought when the Internal Revenue Service disallowed taxpayer's claims. The question

* Honorable Robert Van Pelt, Senior United States District Judge, District of Nebraska, sit-

presented is whether under the facts taxpayer had met his burden of establishing that a charitable remainder of ascertainable value existed on November 14, 1973, the date on which the trust was established.

The facts are not in dispute. The trust on the date of its establishment in 1973 qualified as a charitable remainder annuity trust under § 664 of the Internal Revenue Code, 26 U.S.C. § 664. It was funded by shares of corporate capital stock then having a value of $439,500. Under its terms, an annuity equal to 9% of the value of the trust corpus was to be paid to trustor Simmons during her lifetime. The trust named as a secondary life annuitant trustor's son Ivan Heller, provided he should survive Simmons. It provided that upon the death of Simmons and Heller the remainder of the trust would be distributed to three charitable institutions. The trustor, Simmons, reserved the right to terminate the annuity to her son.

At the time the trust was established, Simmons was 77 years old and Heller was 53. Based upon the life expectancies of the two, computed by actuarial tables, the value of the annuity interests exceeded the value of the trust corpus. Accordingly, a charitable deduction was not allowable under § 1.664–2(c) of the Treasury Regulations, which provides in part:

(c) *Calculation of the fair market value of the remainder interest of a charitable remainder annuity trust.* * * * [T]he fair market value of the remainder interest of a charitable remainder annuity trust (as described in this section) is the net fair market value (as of the appropriate valuation date) of the property placed in trust less the present value of the annuity. For purposes of this section, the term 'appropriate valuation date' means the date on which the property is transferred to the trust by the donor * * *.

On October 25, 1974, Heller died. His interest as secondary annuitant had never

ting by designation.

been terminated by Simmons. Appellant contends that because of Heller's early death the value of the remainder should be computed without taking his life expectancy into consideration. When so computed, the remainder would have exceeded the value of the annuity by $201,571 which would have entitled taxpayer to charitable deductions for 1973 and, by carry-over, for 1974, providing tax savings in the total amount of $126,377. This was the amount of the claim sought by taxpayer and disallowed by IRS.

The district court rejected taxpayer's contention. Based upon the undisputed facts, it ruled that since the value of the annuities computed by actuarial tables exceeded the value of the trust corpus on November 14, 1973, the remainder interest had no value at that time and no charitable deduction could be claimed.

■ At the outset, it is clear that the district court's focus on the date the trust was established was correct. In *Ithaca Trust Co. v. United States*, 279 U.S. 151, 49 S.Ct. 291, 73 L.Ed. 647 (1929), the annuitant died within six months of the establishment of a charitable remainder annuity trust and before the date on which the trustor's tax return had to be filed. For purposes of calculating trustor's charitable deduction, taxpayer contended that the actual facts should be used to establish the true value of that which had been received by the charity rather than resorting to hypothetical facts to ascertain a hypothetical value. The Supreme Court rejected this argument. It held that the value of that which was given was the value of the gift in trust at the time the trust was created, and not its value at the time the gift was actually received. This necessarily required the use of mortality tables calculating the annuitant's probable life span.

■ Here the requirement that 9% of the value of the corpus be paid to the annuitants for each of the years indicated by the mortality tables left the remainder without value.

■ Taxpayer also argues that, regardless of the date on which the remainder is to be valued, the Heller interest should not be taken into account since it had never vested and, as an interest subject to termination at any time by the trustor, could not be said to have any fair market value at all. However, taxpayer overlooks the fact that it is his burden to establish with a considerable degree of certainty the fair market value of the remainder. The determinative inquiry is whether the existence of the annuity operates to place doubt upon the value of that which the remainderman will ultimately receive.

In *Merchants Bank v. Commissioner*, 320 U.S. 256, 260, 64 S.Ct. 108, 111, 88 L.Ed. 35 (1943), the Court noted the difference between the value of the charitable remainder where the trustor "dilutes his charity only to the extent of first affording specific private legatees the usufruct of his property for a fixed period" and where the trustor "*insure* [s] the comfort and happiness of his private legatees, hedges his philanthropy and permits invasion of the corpus for their benefit." The Court went on: "At the very least a possibility that part of the principal will be used is there created and the present value of the remainder becomes less readily ascertainable." Thus, the claimed charitable deduction was denied. To the same effect, *Henslee v. Union Planters Bank*, 335 U.S. 595, 69 S.Ct. 290, 93 L.Ed. 259 (1949) (per curiam).

Similar principles are now stated in § 1.170A–1(e) of the Treasury Regulations:

(e) *Transfers subject to a condition or power.* If as of the date of a gift a transfer for charitable purposes is dependent upon the performance of some act or the happening of a precedent event in order that it might become effective, no deduction is allowable unless the possibility that the charitable transfer will not become effective is so remote as to be negligible. * * *

Here the very existence of the Heller interest, whether vested or not, presented a possibility, far from remote, that the corpus would regularly be invaded and rendered it

impossible, upon November 14, 1973, to attach any specific value to the charitable gift, or even to say whether it had any value at all.

Judgment affirmed.